BARNETTE, Judge.
Plaintiff, a real estate broker, brought suit on a contract for the sale of a business from defendant Joseph H. Nations, the seller, to defendant Benjamin G. Katz, the purchaser, to recover his commission for securing the sale. Nations filed an answer to the suit, but Katz did not answer, and judgment for $2,714 plus interest and 25 percent attorney’s fee was rendered by default against Katz only. Katz has appealed devolutively from that judgment. Castellón, the plaintiff, has answered the appeal asking for damages in the amount of $2,500 for frivolous appeal. Appellant Katz has also filed an exception of no cause of action in this court
Plaintiff’s petition alleged that he, as broker, had secured a contract through his agent for the sale of a business from Nations to Katz and that Katz had deposited a promissory note to bind the contract. He then alleged:
“VI
“That on or about July 19, 1963, while the Act of Sale was being drafted for the transfer of the business (known as Ten Ex Town) Joseph H. Nations released and transferred the business to Joseph Campisi, thus breaching the contract made with Benjamin G. Katz.
“VII
“That the Act of Sale was to be passed on or before the 24th day of July, 1963; that Benjamin G. Katz refused to purchase the property because the amount to be assumed was greater than he had anticipated; that both seller and purchaser defaulted the contract.”
The petition also contains allegations that under the terms of the contract the party breaching the contract would be liable for the agent’s commission and that the commission had not been paid. It concludes with a prayer for judgment jointly and in solido against both defendants for the commission and attorney’s fee as stated in the contract.
In confirming the default, plaintiff introduced into evidence the contract and the promissory note deposited by Katz. The only evidence of breach of the contract consisted of the following testimony:
“Q Did your office secure contract between the defendants, Benjamin Katz and Joseph H. Nations?
“A Yes, sir, we did.
“Q Did Mr. Katz deposit a promissory note?
“A Yes, sir.
“Q Was this contract breached on July 24, 1963?
“A Yes, sir.
“Q Have you ever received any payment for your services ?
“A No, sir.”
We are of the opinion that appellant’s exception of no cause of action is well taken. It is clear from the quoted testimony that plaintiff did not make out a *710 prima facie case against Katz as required by LSA-C.C.P. art. 1702. Plaintiff’s affirmative answer to his attorney’s question relative to breach of contract offers only a legal conclusion. He did not testify to any fact, such as a refusal to perform, which would support the legal conclusion that the contract was breached. Pie did not even testify as to which of the parties to the contract had committed the breach. In addition, plaintiff’s petition, taken as a whole, does not allege a breach as against Katz. The allegation that Nations breached by selling to a third party on July 19, 1963, renders the allegation that Katz breached the contract on July 24, 1963, meaningless. If in fact Nations sold to a third party on July 19, it would have been impossible for Katz to perform on or before July 24 since there would have been nothing left to purchase. Perhaps plaintiff could have clarified this defect in his pleading, but he did not do so, and when confirming a default he is bound by the allegations of his petition. Harris v. Womack, 83 So.2d 541 (La. App.2d Cir.1955); Vegas v. Cheramie, 80 So.2d 880 (La.App.lst Cir. 1955).
LSA-C.C.P. art. 2164 requires us to render a judgment that is just, legal, and proper on the record. Although appellant’s exception of no cause of action is well taken and will be sustained, we do not feel that it would be just and proper to dismiss plaintiff’s claim against appellant. Had appellant answered the original petition and raised his exception in the district court, plaintiff would have been permitted to amend his petition to allege a cause of action if he could. We do not think that appellant should be allowed to achieve a stronger legal position as a result of his inaction at the trial level than he would have had if he had properly defended this suit from the beginning.
Since defendant’s appeal has been successful, plaintiff’s prayer for damages for frivolous appeal is clearly without merit.
For the reasons assigned, the judgment appealed from is reversed and set aside; appellant’s exception of no cause of action is sustained; and the case is remanded with leave to appellee to amend his petition and for further proceedings consistent with the opinions expressed herein within 15 days after this decree becomes final. Appellee’s prayer for damages for frivolous appeal is rejected and dismissed. Plaintiff-appellee is to pay the cost of this appeal; all other costs are to be assessed in accordance with final judgment.
Reversed and remanded.