381 So.2d 571 (1980)
Jerry E. SEYMORE, Plaintiff-Appellant,
v.
LOUISIANA SOIL STABILIZATION COMPANY, INC., Defendant-Appellee.
No. 14066.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1980.
*572 Glen H. Smith, Shreveport, for plaintiff-appellant.
Thomas & Burchett by Dewey E. Burchett, Jr. and L. H. Padgett, Jr., Bossier City, for defendant-appellant.
Before PRICE, MARVIN, and JONES, JJ.
MARVIN, Judge.
From a judgment awarding a homeowner damages because of the failure of defendant's attempts to stabilize the soil under the home as defendant had guaranteed to do in a written contract, the homeowner appeals, seeking additional damages for his anxiety and inconvenience and for his attorney fees.
Defendant also appealed devolutively, but urges simply that the damages were correctly assessed and that we should affirm the judgment.
The sole issue is whether anxiety damage and attorney fees should be allowed under the circumstances of this case. We affirm.
For $500, defendant contracted in October 1974 to stabilize the soil under the home which plaintiff had purchased in May 1974. Before plaintiff's purchase he was aware of cracks in the interior and exterior of the home. Defendant's contracta printed form prepared by defendantexpressly provided that defendant would apply lime slurry to the soil and that defendant would
"completely stabilize the affected area... and will guarantee soil stabilization after a nine (9) months period. * * *
"... [T]he entire contract is contained herein and ... there are no other covenants, warranties, promises or agreements, express or implied except as herein set forth."
Defendants initially applied the slurry in November 1974. In February 1975 plaintiff sued his vendor in redhibition, alleging that he had expended $500 to stabilize the soil, that Louisiana Soil Stabilization Company, Inc. had advised him that this treatment might not be sufficient to correct the defects, and that the entire house might have to be "jacked up" (underpinned by additional footings) at an additional cost.
Plaintiff sought recission of the sale, return of the purchase price, the cost of underpinning and lime slurry treatments ($2,500), the cost of repairing the cracks ($750), and attorney fees. CC 2545. Plaintiff's redhibition suit was settled and dismissed when plaintiff's vendor paid plaintiff the $500 plaintiff had expended for the stabilization treatment. In September 1975 (or more than nine months after defendant's initial treatment) plaintiff paid $524 for cosmetic repair to the interior of the home.
*573 During dry spells of weather which followed, the soil contracted, causing the foundation of the home to shift and the cracks to recur. On three occasions during a three year period preceding the filing of this suit in November 1978, defendant unsuccessfully attempted further stabilization by applying more lime slurry. Where good faith performance of a contract is attempted, the damages for the failure of the result are limited to those damages within the contemplation of the parties at the time they contracted. CC Art. 1934(1). Lawless v. Gulf South Title Insurance Agency, Inc., 329 So.2d 879 (La.App. 1st Cir. 1976), writ refused.
Plaintiff contends that this contract has for its object the convenience of the homeowner so as to entitle him to damages for the continued inconvenience of residing in a home with a shifting foundation, citing CC 1934(3), Whitener v. Clark, 356 So.2d 1094, (La.App. 2d Cir. 1978), writs refused, and Jack v. Henry, 128 So.2d 62 (La.App. 1st Cir. 1961), where damages for anxiety and inconvenience were allowed. Plaintiff also argues that defendant should be deemed to have contemplated that defendant's failure to fulfill its guarantee would cause anxiety and inconvenience to plaintiff, especially when defendant knew that plaintiff relied upon the guarantee to settle and dismiss his redhibition claims against his vendor. We cannot agree.
Plaintiff knew before he contracted with defendant that there was a possibility that the lime slurry treatment might not be successful and that some underpinning of the foundation might be necessary to achieve maximum stability. Plaintiff's anxiety and inconvenience were caused legally and factually by things which existed long before defendant made its guarantee. The principal object of this contract was the defendant's undertaking to correct an already defective condition (CC 1934) which was causing plaintiff anxiety and inconvenience. These circumstances are more akin to the repair of a defective automobile, as in Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), than to creation or building of a distinctive and individually designed residence as in Whitener, supra, or as in Jack, supra. See also U-Test-M of Louisiana, Inc. v. Martin, 305 So.2d 557 (La.App. 2d Cir. 1974).
Redhibition is the avoidance of the sale of a thing because of some defect in the thing sold. CC 2520. The undertaking of this defendant was not a sale of a thing and defendant is not responsible for redhibition-type damages.
Anxiety or inconvenience damage and attorney fees are not allowed. We AFFIRM the judgment at the cost of plaintiff-appellant.