383 So.2d 416 (1980)
R. Dean CODDINGTON
v.
STEPHENS IMPORTS, INC.
No. 10898.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1980.
*417 Dart & Dart, Henry P. Dart, III, New Orleans, for R. Dean Coddington, plaintiff-appellee.
Turner & Young, Emile L. Turner, Jr., New Orleans, for Stephens Imports, Inc., defendant-appellant.
Before REDMANN, BOUTALL and CHEHARDY, JJ.
BOUTALL, Judge.
R. Dean Coddington sued Stephens Imports, Inc. for damages allegedly resulting from defendant's negligent breach of its duty to repair his vehicle and for violation of L.R.S. 51:1405, itemizing his damages as an amount for cost of repairs necessitated by reason of defendant's inability to properly repair the automobile, transportation, delay and inconvenience, and anxiety and mental distress. The trial court found no violation of L.R.S. 51:1405, but apparently did find that the repairs were negligently made, and awarded plaintiff $500 in damages without itemization as to the basis of the award. The defendant appeals. We affirm.
Plaintiff had taken his 1970 Mercedes Benz automobile to Stephens, an authorized Mercedes Benz dealer, for repairs on several occasions, and the evidence preponderates that the repairs were improperly made and that plaintiff was given erroneous advice as to the condition and operation of his car. On the first such occasion, the plaintiff was advised that his vehicle was ready for operation, and when he arrived to pick it up, he discovered that it was improperly repaired, and after several attempts at immediate repair failed, was forced to leave the vehicle and return the following day to pick it up. The other occasions for seeking repairs resulted from faulty electrical and ignition system that caused plaintiff to return the vehicle to the shop four times over a period of 2 months, before repairs were finally made. The unfortunate part of these episodes is that, after each attempt at repairs, plaintiff's car broke down on the road, leaving him stranded on one occasion on Downman Road near the Lakefront Airport in New Orleans; once on Interstate 10 Highway in the swamp area past LaPlace and once on the Lake Pontchartrain Causeway. On each of these occasions, plaintiff and his companions had to arrange for an alternate method of returning home and plaintiff had to have the vehicle towed to Stephens' for repairs. It is apparent from the record that plaintiff suffered damages payable under Louisiana Civil Code Article 1934 for the repairman's breach of his duty of reasonable care, inspection and repair work when an automobile is brought to him for repairs. It is apparent that some portion of the repair bills would have been unnecessary had the repairs been properly made initially. Similarly, plaintiff had to pay wrecker service to have his vehicle towed to the shop and utilize other means of transportation, not only to return home from the places where he had broken down, but also to and from Stephens to pick up his vehicle after repairs.
Appellant refers us to the case of Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), as authority for the principle that inconvenience resulting from tardy repairs is not recoverable as damages. We do not find that case to be controlling of the damages *418 attributable to the defendant in this case. Although the trial judge mentioned in his reasons for judgment that he did not believe "that the inconvenience was as great as indicated in the pleadings", it is obvious that the damages set here go far beyond simple inconvenience. A motorist who was stranded on the highways on three occasions, not to mention the additional time and effort spent in having the repairs completed and obtaining delivery of the vehicle afterwards, can hardly be likened to the inconvenience an owner may suffer while his car sits in the repair shop unduly. The record adequately supports the trial judge's conclusion that $500 is a sufficient sum to compensate plaintiff for the loss he has sustained, and we affirm the judgment appealed from.
AFFIRMED.
REDMANN, Judge, dissenting in part.
Defendant apparently accepted responsibility at the time of the breakdown after the alternator regulator replacement, because defendant made no charge, not even for towing, on that occasion.
The second breakdown was caused by failure of the alternator itself. (The only cost attributable to the breakdown itself was $47.70 towing.) Defendant had told plaintiff that the glowing alternator indicator was due to a defective diode in the alternator which affected only the indicator light and not the alternator's function of generating electricity. (On this possibility plaintiff's expert agrees.) Defendant told plaintiff he therefore need not replace the alternator at that time. Plaintiff theorizes that this advice breached a duty to impress upon him that he should replace the alternator immediately because the always-lit indicator light could not inform him of any alternator trouble that developed from normal wear in the future. This theory would justify plaintiff's recovery of $47.70 towing costs (but not the cost of the alternator).
The inference that defendant was responsible for the third breakdown (after replacement of the alternator itself) is permissible from the evidence. More likely than not, the replacement alternator was mismounted and the mismounting caused the alternator belt to fray and break: the charge sheet after this breakdown shows "R & R [remove and replace?] Alternator & Bracket & Replace Shims." The wearing out and breaking of a belt would not of itself require that work. Thus the $113.10 charged by defendant on this occasion is recoverable, as is the $4.50 taxi fare and the $38 charge for towing (to a service station). Similarly recoverable is $10.92 paid two months later to clean and tighten loose connections on the alternator. These items are pecuniary damages from breach of the earlier contract to replace the alternator in a workmanlike fashion.
Non-pecuniary damages are not recoverable; Meador v. Toyota of Jefferson, Inc., La.1976, 332 So.2d 433.
The judgment should be reduced in principal to $171.22.