416 So.2d 180 (1982)
Gail A. Cucurullo, Wife of/and Michael J. DUCOTE
v.
Arthur H. ARNOLD, Sr. & Cecil A. McConnell a/k/a A. J. McConnell, Jr., d/b/a Arnold Construction Co.
No. 12786.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1982.
Dissenting Opinion May 25, 1982.
Rehearing Denied July 16, 1982.
*181 Fiasconaro & Fiasconaro, Paul S. Fiasconaro, New Orleans, for plaintiffs-appellees.
Gary J. Dragon, Chalmette, for defendants-appellants.
Before BARRY, AUGUSTINE and WILLIAMS, JJ.
BARRY, Judge.
The defendant construction company appeals a judgment which held that it breached a building contract.
Plaintiffs, Mr. & Mrs. Michael Ducote, entered into a written contract on March 15, 1978 with Arnold Construction Company[1] to build an addition[2] to their residence for $40,650.00 to be paid in five stage installments. Work began March 20, 1978 after which plaintiffs made four payments totaling $33,862.50. Ten months later, January 18, 1979, the work was incomplete which prompted plaintiffs to dismiss Arnold and hire another contractor to correct faulty work and finish the job.
Plaintiffs sued Arnold for damages alleging breach of contract due to faulty workmanship and failure to complete the work within a reasonable time. Arnold reconvened for the balance of the contract and sought damages for humiliation. The lower court awarded plaintiffs $14,600.50, consisting of $6,100.50 to complete the work, $5,000.00 for mental anguish and inconvenience, plus $3,500.00 attorney's fees. Defendant appeals saying there was no breach of contract because of its failure to perform, and alternatively, urges the trial court erred in computing the damages, in allowing recovery for mental anguish, and awarding legal fees. Plaintiffs answer the appeal seeking an increase in all items of quantum.
BREACH OF CONTRACT
The contract does not have a completion date, rather it provides the work should be completed within a "reasonable time." George Pope, a building expert, testified for the defendant on the problems incurred in matching the existing residence to the new addition. Mr. Pope noted because of roots in the ground where the chain walls were placed, it was reasonable for the excavation work to take four to five weeks. Mr. Pope stated, after listening to the testimony of others, it was his opinion the amount of time defendants worked on this job was not unreasonable. A carpenter subcontractor said he could normally frame, sub-floor, and roof new construction in seven work days, whereas this job took four weeks because of the unique problems encountered in connecting the old and new roofs. Mr. Arnold, one of the defendant partners, testified the *182 roots were a major unanticipated problem that required extra time. He also stated the original house had sunk approximately 1½ inches which caused the addition to be out of plumb. Another problem was the necessity to redesign the new roof because the plans were not compatible with the existing roof. Mr. Arnold acknowledged that painting, plumbing and electrical work was not completed.
Plaintiffs relied upon the testimony of Mr. Troendle, the contractor who completed the job. He said the addition was "roughed in" when he started work and there were numerous defects[3] in the defendant's work. He stated the defendant had completed approximately two-thirds of the job, but the addition at that stage could not be lived in. Mr. Troendle said his contract to complete the job was for $9,350.00 which did not include plumbing, electrical, exterior painting, and flooring. It took slightly more than two months to complete the job, partly because of corrections that had to be made.
In a lawsuit of this sort conflicting testimony is the rule and conclusions of the Trial Judge must of necessity be given great weight. We feel it is reasonable to assume the lower court discounted the testimony of defendant's expert, Mr. Pope, because he never visited the work site and his familiarity with this dispute stems only from the testimony he heard during trial.
Under Louisiana law, a contractor who undertakes a construction project must perform the work in a skillful and workmanlike manner. LSA-C.C. Art. 2769. In a suit to impose liability on a contractor for poor workmanship or noncompliance with the contract, a plaintiff must prove his case by a preponderance of the evidence, either direct or circumstantial. A & M Pest Control Service, Inc. v. Fejta Construction Company, Inc., 338 So.2d 946 (La.App. 4th Cir. 1976).
In written reasons the Trial Judge concluded "... there is no doubt from the evidence that the job dragged and lagged on without fault on behalf of plaintiffs." Our review of the testimony, particularly the on-site experiences and unbiased statements of Mr. Troendle, leads us to conclude plaintiffs carried their burden of proof. We agree with the lower court's conclusion that the defendant failed to perform within a reasonable time and therefore is liable for appropriate damages. We are also satisfied defendant's efforts included faulty workmanship which required corrections that added to the completion cost.
BASIS TO COMPUTE DAMAGES
Whether or not the contract was substantially performed governs how the damages are to be calculated. If there was substantial performance, the contractor is entitled to recover the contract price reduced by the amount necessary to complete the work; if there has not been substantial performance the contractor's recovery is limited to quantum meruit with the owner entitled to costs incurred in completing the work in excess of the contract price.
Substantial performance exists when the construction may be used for the purpose intended regardless of defects or omissions. It is a question of fact which considers "the extent of the defect or non-performance, the degree to which the purpose of the contract is defeated, the ease of correction, and the use or benefit to the owner of the work performed ... Once substantial performance has been shown the burden of proof then shifts to the owner who must prove the existence and nature of the alleged defects, that they are due to faulty material and/or workmanship, and the cost of repairing the defects." Neel v. O'Quinn, 313 So.2d 286 at p. 290 (La.App. 3rd Cir.) writ denied, 319 So.2d 440 (La. 1975). (Citations omitted.)
*183 The reasons for judgment do not mention whether the contract was substantially performed, but did provide: "Plaintiffs were required to make these payments in order to have the work completed at some time during the year 1978 but the work was not actually completed until the first quarter of 1979 and then primarily by others." (Emphasis added.) By this statement and from the manner in which the damages were calculated, i.e., reimbursement for costs incurred to complete the work in excess of the contract price, we can only deduce the Trial Judge found there was not substantial performance. We agree that conclusion is appropriate.
COMPUTATION OF DAMAGES
In addition to the $33,862.50 paid to the defendant, the Trial Judge found plaintiffs paid $12,888.00 to complete the addition to their home, for: exterior paint$900.00; flooring$1,638.00; electrical$300.00; plumbing$700.00; Troendle, contractor $9,350.00. He concluded: "Thus the plaintiffs had paid $46,750.50 to erect improvements for their convenience, that if property [sic] and timely performed, would not have cost them more than $40,650.00. Therefore, the Court feels that a fair figure of recovery for plaintiffs for the loss of funds (Profits) to be $6,100.50."
Defendant claims the Trial Judge erred by not adding five change orders totaling $2,453.07 to the original contract of $40,650.00, thus raising the value of defendant's work to $43,103.07 as the proper basis to deduct from completion cost in order to assess damages. Plaintiffs respond, and we agree, that the change orders were distinct from the original contract, were paid for separately, and therefore should not be considered in determining damages.
Defendant properly argues the damages for breach of contract should be limited to the cost of completing the contract, under the same specifications, over the original contract price. Keating v. Miller, 339 So.2d 955 (La.App. 4th Cir. 1976) writ denied, 341 So.2d 904 (La.1977).
Both parties, claim, for different reasons, the general damages of $6,100.50 to complete the job is wrong because the lower court erred by not considering the following:
Defendant contends the $9,350 paid to Troendle included payment for the work which was not part of the original contract, therefore these costs should be deducted from the award:
1. Labor and material to stain kitchen cabinets.
2. Additional beams of better quality wood.
3. The original contract provided a $150.00 allowance for hardware, whereas the Troendle contract charged for all hardware.
4. A shower for the master bath.
5. More expensive oak floors instead of pine.
Plaintiffs contend they paid for but were not given credit for incidentals costing $784.14 (exhibits P-14-A through P-14-M, except P-14-D) that were to be provided by defendant and this amount should be added to the award.
From the record it appears the Trial Judge did not consider these claims and there is insufficient detail to permit us to make a determination if, and how much, they would alter the award. Accordingly, we remand to ascertain if, after considering these specific items, the $6,100.50 was proper to complete the contract, representing only work and materials included in the specifications.
NON-PECUNIARY DAMAGES
The lower court awarded $5,000.00 for inconvenience and mental anguish and in support the reasons for judgment provide:
"This addition was of course for the convenience of plaintiffs and not for the hope of profit but for the betterment of their family life.... The court finds that the plaintiffs were greatly inconvenienced by being required to live in a residence in which no attempts were made by the contractor to reduce the inconvenience of not having hot and cold *184 water, restoration of the kitchen and washing facilities or any temporary measures to prevent insects from invading the home, plus the inconvenience and deprivation that results when a child is required to sleep in the same bedroom as the parents."
Defendant asserts it was error to award non-pecuniary damages, citing Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), where damages were denied because of undue delay to repair a car. In Meador the Supreme Court reviewed the history of Art. 1934(3)[4] and cited non-pecuniary awards where the object of the contract included elements of both intellectual and physical gratification. The court noted cases wherein non-pecuniary damages were allowed where the object of the contract was exclusively intellectual enjoyment as opposed to partialy intellectualpartially physical, and as opposed to exclusively physical enjoyment. The court stated it had never adopted a strict view but reached results favoring a broader interpretation of Art. 1934(3) and concluded that intellectual enjoyment must be a principal object of the contract and non-pecuniary damages are limited to nonfulfillment of the intellectual object.
Prior to Meador, we granted damages for mental anguish arising from breach of contract to construct a concrete block, walk-in cooler. Co-operative C. Stor. Bldrs. Inc. v. Arcadia Foods, Inc., 291 So.2d 403 (La.App. 4th Cir. 1974). After Meador, this court unqualifiedly denied recovery from a breach of a building contract (for a home) because the object of the contract did not include "some intellectual enjoyment." Catalanotto v. Hebert, 347 So.2d 301 (La.App. 4th Cir. 1977).
However, the Second Circuit differed with Catalanotto and distinguished Meador by allowing recovery for mental anguish where the contract was for a "distinctively planned residence." Whitener v. Clark, 356 So.2d 1094 (La.App. 2nd Cir.) writs denied 358 So.2d 638 and 641 (La.1978).
In Ostrowe v. Darensbourg, 377 So.2d 1201 (La.1979) plaintiff's contract was for construction of an expensive residence. The contractor did not complete the work timely and plaintiffs sued for "past [and future] mental suffering, anguish and anxiety." The Supreme Court denied recovery and noted that the contract did not state its object was the gratification of some intellectual enjoyment, and even though plaintiff urged the home was "distinctively designed" (as in Whitener) the court found from the limited facts "... that the principal object of the contract, as with most contracts to construct dwellings, was to build a structure to be used as a residence by the plaintiffs."
In Coddington v. Stephens Imports, Inc., 383 So.2d 416 (La.App. 4th Cir. 1980) this court side tracked Meador by allowing damages to a motorist who was stranded three times on highways and who lost additional time and effort in having repairs completed to his vehicle. Conversely, the Third Circuit denied damages because of the faulty installation of a fireplace in a home, saying that the object of the contract was for the improvement of an immovable without intellectual enjoyment as a principal or exclusive object. Martin v. AAA Brick Co., Inc., 386 So.2d 987 (La.App. 3rd Cir. 1980).
*185 In Gele v. Markey, 387 So.2d 1162 (La. 1980) the trial court awarded damages for emotional distress to lessees because a defective ceiling collapsed. This court cited Meador and set aside the award saying the lease did not have intellectual enjoyment as its principal purpose. On appeal to our higher court, Justice Dennis said: "Although the court of appeal's reasoning may be questioned insofar as it would withhold emotional distress damages as a matter of law from a tenant whose property is damaged by a premises defect, we conclude that its result is correct because the plaintiffs failed to prove they actually suffered emotional distress." Id. pp. 1162, 1163. Most importantly, the Supreme Court said application of Meador's interpretation of Art. 1934(3) in Gele worked an injustice if the plaintiffs suffered "real, substantial emotional distress" or loss of intellectual enjoyment. The court noted the Court of Appeal did not consider whether the record would support an award of emotional distress damages as a result of a delict or quasi-delict, saying that contract and tort actions are sometimes intertwined, but concluded that the record did not support an award of non-pecuniary damages. Gele acknowledged judicial and scholarly criticism which resulted from Meador, but pointed out before and after Meador courts have awarded non-pecuniary damages when mental stress was adequately proven.
Finally, defendant argues plaintiffs knew inconvenience would result during construction and compares Seymore v. Louisiana Soil Stabilization Co., Inc., 381 So.2d 571 (La.App. 2nd Cir. 1980) where damages were denied for mental anguish over soil instability under a house. In Seymore the soil condition pre-existed defendant's attempt to correct the problem, whereas here the defendant caused plaintiffs' problems.
Plaintiffs admit they were aware some inconvenience would occur during construction. However, the record abounds with examples of mental and physical torment caused by defendant's inattention and failure to complete the contract within a reasonable time, such as: lack of air conditioning during the summer and heat during the winter; inability to do laundry because of no electricity for the washer and dryer; having the home open to vandalism; mosquito and roach problems due to removal of outside walls; lack of kitchen facilities; washing dishes in the bathtub; groceries stored in boxes; the necessity of their twelve year old son to sleep in their bedroom.
It now appears from Gele that the narrow interpretation of Art. 1934(3) in Meador has broadened to permit recovery for real and substantial mental anguish if clearly proven. We enumerated above examples of the sloppy work performed by this defendant and also particularized the circumstances which caused plaintiffs to suffer hardships, severe aggravation, distress and inconvenience. As a result of the breach of contract by defendants quasi tortious acts or omissions, we feel real and substantial emotional distress was clearly proven and damages are not only reasonable but clearly warranted. As noted by Chief Justice Dixon in his dissent in Meador, courts have consistently awarded damages for mental anguish and inconvenience in tort suits where property damage is sustained and there is no logical reason to deny recovery simply because the cause of action is delineated as "contract."
In this case plaintiffs proved their claim to the satisfaction of the Trial Judge and we do not find manifest error in that conclusion.
ATTORNEYS FEES
Even though the contract provides for reasonable attorney's fees, defendant urges there is no evidence to support an award of $3,500.00. Plaintiffs answer the volume of work as seen in the record suggests a proper fee for the lower court to be $6,000.00, plus an additional $2,000.00 for services rendered on appeal.
We have previously said a court does not have to hear evidence concerning time spent or hourly rates charged in order to make an award since the record will reflect much of services rendered. The attorney may present additional evidence but he is *186 not required to do so. In the matter of Robert A. Andras, 410 So.2d 328 (La.App. 4th Cir. 1982). The trial court is in the best position to assess a reasonable fee. Mouton v. Mouton, 383 So.2d 447 (La.App. 4th Cir. 1980). We feel the award of $3,500.00 is adequate for this trial and sufficient to also include preparation and presentation of the appeal.
DECREE
This matter is remanded solely for the reason specified above, and in all other respects is affirmed. Costs to be assessed upon final rendition.
REMANDED IN PART; AFFIRMED IN PART.
WILLIAMS, J., affirms in part and dissents in part with reasons to follow.
WILLIAMS, Judge, dissenting in part.
I respectfully dissent from the decision of the court to award damages for emotional distress. Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976) prohibits nonpecuniary damages in an action for breach of contract if the contract does not have gratification of intellectual enjoyment as its principal object. Although the efficacy of Meador was questioned in Gele v. Markey, 387 So.2d 1162 (La.1980), we are compelled to follow it until it is expressly overruled. Meador clearly prohibits us from awarding the plaintiff damages for inconvenience and mental suffering. See Ostrowe v. Darensbourg, 377 So.2d 1201 (La.1979).
NOTES
[1] The lower court found Arnold Construction Company to be an ordinary partnership consisting of Arthur H. Arnold, Sr. and Cecil A. McConnell.
[2] The addition included a master bedroom and bath, solarium, den, kitchen, dining room, laundry room.
[3] The window jambs were too large; threshold to the outside doors was too high; the furring in the kitchen was wrong; the cathedral ceiling was out of plumb; an arch was improperly installed; the floor was out of plumb; sheetrock seams were not floated properly; different ceiling heights in the den; broken and cracked sheetrock; remove and rehang all wall cabinets; center beam sag in the den; base cabinets improperly assembled; and others.
[4] LSA-C.C. Art. 1934(3) provides:

"3. Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule. In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury, while in other cases they have none, but are bound to give such damages under the above rules as will fully indemnify the creditor, whenever the contract has been broken by the fault, negligence, fraud or bad faith of the debtor.