WILLIAMS, Judge.
This is an appeal from a decision by the trial court awarding plaintiffs, Dr. and Mrs. Alonzo H. Diodene, Jr., damages and attorney’s fees in quanti minoris against defendants Blueridge, Inc., Cypress Builders, Inc. [“Cypress”] and their insurers.
*448 FACTS
Plaintiffs bought a home from Blueridge on June 16, 1980. The cost of the home was $140,000.00, which included $5,000.00 for a library/study to be built. The home was a new construction and was built by defendant Cypress. (Both Cypress and Blueridge are owned by Nelson Chatelain). There were a number of “punch list” items that needed fixing in the house, and Chate-lain promised that they would be taken care of. Furthermore, a “library/study” was completed for plaintiffs. At the time plaintiffs bought their home, none of the major problems that were to manifest themselves later were apparent.
From the evidence presented at trial and the briefs filed with this court, there appears to be no question that plaintiffs’ home was defective in many ways. The controversy herein lies basically with the extent and the nature of the remedy of these problems. The trial court divided the problems into six categories: (1) minor punch list items throughout the house; (2) leaking at a number of windows; (3) a poorly designed balcony that collects water because it has no slope; (4) a leaking chimney; (5) a poorly cast slab; and (6) the library. For these items, the trial court awarded $7,853.00. (In the judgment, the diminution in value is listed as $7,863.00. Addition of the items enumerated in the reasons for judgment shows $7,853.00). The judge also awarded $2,500.00 for the non-pecuniary damages suffered by plaintiffs as a result of living with these problems for years. Attorney’s fees of $4,500.00 were awarded and $1,500.00 in expert witnesses’ fees. The trial court diminished the award by $4,118.00, which represents the balance due defendants for building the library/study. It is from this judgment that defendants appeal; plaintiffs have answered, asking for an increase in all aspects of the award, including attorney’s fees for work done on appeal. PUNCH LIST ITEMS
There were many “punch list” items throughout that needed repair, e.g. a crack in a mantle, a warped kitchen countertop and an unfinished foyer floor. Notwithstanding plaintiffs’ repeated requests, these items were never repaired. The trial court awarded $600.00 for repair of the punch list items, plus an additional $600.00 for replacement of the kitchen flooring.
The trial judge found plaintiffs’ expert witness’s estimates for repair of these items to be excessive and relied upon the testimony of defendants’ witness, whose figures were based upon the assumption that repairs were to be made by the contractor at cost. Plaintiffs assert that the trial court should have accepted the evidence as set forth by their expert witness as to the punch list items. Plaintiffs’ expert estimated that the cost of repairing all of the punch list items, including up to $1,000.00 for profit, would be $2,528.00. Plaintiffs’ witness, Mr. Haase, examined each item on the punch list. Defendants’ expert, Mr. Hurley, did not address all of the items, nor did he offer an explanation for his failure to include them. Furthermore, Hurley’s estimates are based upon the assumption that a contractor/builder would do the job at his cost.
We find that the trial court erred in finding that $600.00 would cover the cost of repairing all punch list items. The only competent reliable evidence introduced at trial to indicate the actual cost of repairing all of the punch list items was Mr. Haase’s testimony that it would be $2,528.00. For this reason, we amend the trial court’s award of $1,200.00 for all punch list items (including replacement of the flooring) to $2,528.00.
BALCONY
A decorative balcony extends across much of the second story of plaintiffs’ home, and opens (by door) into their bedroom. Plaintiffs discovered that during rainstorms, water from the balcony enters into their bedroom over the threshold. The balcony was constructed without a slope, and there is no question but the poor design has caused the problem. In an attempt to cure this defect, defendant installed a drain in the porch floor. A pipe ex *449 tends down the front of the house, and drains by the front porch.
The trial judge held that the drain does “little or no good” and should be removed because of its unsightliness. He found that the problem was not so severe as to justify rebuilding the balcony. He suggested that perhaps the threshold could be built up or tightened up, and awarded plaintiffs $500.00.
The judge personally inspected the house and based his findings on a lack of water damage to the rug in the bedroom. Nevertheless, there is no evidence in the record to indicate that the balcony problem was so insignificant as to require a simple change in the threshold. Such a remedy was not suggested by any witness. Plaintiffs testified that the problem existed notwithstanding the construction of the pipe and drain. Their witness stated that the only solution was to rebuild the balcony, which would cost $5,053.00. Defendants’ witness testified that the drain solved the problem. There is no evidence presented by either side to support the judge’s conclusion. After reading the record, viewing the photographs, and considering the testimony of the expert witnesses, we find that the balcony must be rebuilt.
The balcony was very poorly designed, and, as a result, has caused plaintiffs many problems. Although defendant’s witness stated in his report that he “[saw] no reason for water to get to level [sic] that would allow it to flow over door threshold,” there is no evidence that he ever observed the balcony under conditions similar to plaintiffs, i.e. in a driving rain with accompanying winds. Because plaintiffs offered the only “first hand” testimony of the actual effects of a storm on the balcony, we accept their version. The drain, therefore, is inadequate, and the balcony must be rebuilt. The only estimate of the cost to do so is $5,053.00, which will be awarded to plaintiffs.
SLAB
The floor in plaintiffs’ breakfast room, kitchen, and utility room developed dark spots. The spots were caused by mildew. Plaintiffs’ witnesses testified that the slab around the house was improperly constructed so that water was running underneath the house. The defendants’ expert found that the outside slab should not have caused water to accumulate toward the rear of the house. The trial judge held:
“The slab does not slope to the house as some witnesses described. Because of the compound angle of the slope, some water tends to run toward the house before being carried away around the patio area, but the problem does not warrant replacement of the slab.”
The court adopted the suggestion of one of defendants’ witnesses who recommended that a trough be cut through the slab to carry water away from the house. The judge awarded $1,000.00 for the cost of the trough and $500.00 for the “aesthetic” damage.
Defendants allege that it was error for the trial court to allow plaintiffs to recover damages for a “non-defect,” because the court found that the water is carried away before it reaches the house. Although the award does seem to be somewhat contradictory to the finding, nevertheless, based upon the evidence, we find that the trial judge properly found that some remedy was necessary. Even defendants’ expert witness admitted that the slab was not constructed in total accordance with accepted industry practices.
Because the most reasonable explanation for the discoloration of the vinyl flooring is an accumulation of water underneath the affected areas, the trial court was not in error in awarding damages. The trough solution was offered by one of defendants’ witnesses as a response to a request that he assume that the slab was defective. Plaintiffs urge on appeal that they be awarded the costs of replacing the entire slab. Because there is evidence in the record to support the trial court’s decision as to an effective, yet reasonably priced, remedy, we will not disturb his ruling. Canter v. Koehring, 283 So.2d 716 (La.1973).
*450 EXPERT WITNESSES’ FEES
The trial court awarded $1,500.00 in expert witness fees to two of plaintiffs’ witnesses. Defendants claim that no award should have been made because it is clear that the judge rejected all of these witnesses’ testimony.
We have reviewed these witnesses’ testimony and find that although the judge rejected portions of their opinions, he clearly relied upon them in part. It is important to note that the court awarded the witnesses only a portion of their requested fee.
Because the trial court is granted discretion determining witness fees, and we cannot find an abuse of such discretion in awarding them to plaintiffs’ witnesses, this argument is without merit. Pike v. Stephens Imports, Inc., 448 So.2d 738 (La. App. 4th Cir.1984).
ATTORNEY’S FEES
The trial court awarded plaintiffs $4,500.00 in attorney’s fees. La.Civ.C. art. 2545. Defendants argue that this amount is excessive, especially when compared to the total award. This claim is without merit.
Plaintiffs’ counsel submitted statements to the trial court indicating that 65 hours and 30 minutes of work was done on the case prior to trial, at a cost of $4,585.00. Additionally, the trial lasted three and one-half days. Defendants do not assert that counsel did not actually spend the time and money it claims to have done. Furthermore, there is nothing in our code or jurisprudence which requires a comparison to be made between the total award and attorney’s fees. As plaintiffs point out in brief to this court, we awarded a larger amount for attorney’s fees than for damages in quanti minoris in Borne v. Mike Persia Chevrolet Company, 396 So.2d 326 (La.App. 4th Cir.1981).
Plaintiffs have requested that we award attorney’s fees in connection with counsel’s work on appeal. We find than an award of $1,500.00 to be reasonable.
NON-PECUNIARY DAMAGES
Defendants assert that plaintiffs should not be allowed to recover non-pecuniary damages.
The trial court awarded plaintiffs $2,500.00 in non-pecuniary damages based upon this court’s holding in Ducote v. Arnold, 416 So.2d 180 (La.App. 4th Cir.1982). In Ducote, plaintiffs were allowed to recover non-pecuniary damages for defendants’ failure to construct their home in a timely and workmanlike manner. This court held that the narrow interpretation of La.Civ.C. art. 1934(3) (allowing non-pecuniary damages for breach of contract only if the principal object of the contract is gratification of intellectual enjoyment) that was initiated in Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976) had been broadened. This court interpreted a more recent Louisiana Supreme Court case, Gele v. Markey, 387 So.2d 1162 (La.1980) (lessees entitled to compensation for distress due to collapse of defective ceiling) as permitting recovery for “real and substantial mental anguish if clearly proven.” Ducote at 185. Although not a unanimous decision (Williams, J. dissenting), Ducote nevertheless remains binding upon this court. For this reason, the trial court was not in error in awarding non-pecuniary damages.
Plaintiffs argue for an increase in the amount of non-pecuniary damages awarded from $2,500.00 to $5,000.00. Plaintiffs testified as to the stress caused by living in their home. Because of the severe leaking which occurred around the windows, in the bedroom, in the daughter’s room, and balcony, Mrs. Diodene could not leave the house if the weather forecast indicated rain. She could not decorate her home as she wished and had to forego entertaining. Her two children, ages 20 and 4, were forced to share a bedroom because of leaks, and tension developed between them. At one point, Dr. Diodene’s mother also moved in with them. Mrs. Diodene testified that her relationship with her husband deteriorated as a result of the stress, and that she also had seen a doctor because of the stress.
*451 The trial judge, however, after listening to the evidence and personally inspecting the house found that the problems were somewhat exaggerated by Mrs. Diodene. In view of the wide discretion granted the trial court and the lack of showing of an abuse of that discretion, we cannot disturb the award on appeal. Reck v. Stevens, 373 So.2d 498 (La.1979).
CONCLUSION
For the foregoing reasons, the decision of the trial court is affirmed with the following modifications:
(1) The award for the flooding balcony be increased to $5,023.00 from $500.00;
(2) The award for repair of the punch list items, including replacement of the vinyl flooring be increased from $1,200.00 to $2,528.00; and
(3) Attorney’s fees in the amount of $1,500.00 are awarded for work on appeal.
All costs to be borne by defendants.
AFFIRMED AND AMENDED.