524 So.2d 885 (1988)
Ronald PERRODIN, et al., Plaintiffs-Appellees,
v.
SOUTHERN SIDING COMPANY, INC., Defendant-Appellant.
No. 86-1218.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
*887 Bob Broussard, Kenneth N. Hawkins, Lafayette, for plaintiffs-appellees.
Miller & Miller (Jack D. Miller), Crowley, for defendant-appellant.
Before LABORDE and KNOLL, JJ., and CULPEPPER, Judge, Pro Tem.[*]
KNOLL, Judge.
Southern Siding Company, Inc. (hereafter Southern Siding) appeals a default judgment against it and in favor of Ronald and Martha Perrodin (hereafter the Perrodins). The Perrodins sued Southern Siding alleging that Southern Siding breached its contract with the Perrodins by failing to complete the installation of aluminum siding and replacement windows on the Perrodin home. As a result of this breach, the Perrodins alleged that the interior of their home was damaged by rain, and would require approximately $3,000 to repair, and an additional $5,000 to complete the windows and siding on the exterior. The record shows that Southern Siding received personal service of the petition through its president and agent for service of process, Tanweer Ahmad Bhatti, on October 1, 1984; the defendant failed to answer the petition. On March 7, 1985, the Perrodins entered a preliminary default against Southern Siding. On June 9, 1986, the trial court signed a default judgment in favor of the Perrodins and against Southern Siding for $8,000, together with 25% attorney's fees, interest, court costs and expert witness fees of $350. Southern Siding filed a motion for a devolutive appeal on August 5, 1986.
On August 15, 1986, Southern Siding instituted an action for nullity, obtained a temporary restraining order prohibiting the Perrodins from executing on the default judgment and also obtained a continuance on the judgment debtor rule. The nullity action was still pending when this appeal from the default judgment was granted, and is not at issue here.
On October 7, 1986, two months after Southern Siding perfected this appeal, the trial court granted the Perrodins' ex parte motion for an amended judgment deleting the attorney's fees and reducing the expert witness fee by $50. The amending judgment further stated: "IT IS FURTHER ORDERED that this judgment amends and supercedes the judgment dated June 9, 1986, which is hereby ordered cancelled and erased from the record."
Southern Siding appeals, contending: 1) the trial court had authority to grant the Perrodins' motion to cancel and erase the judgment of June 9, 1986, but was clearly wrong in granting an amended judgment to supercede the prior judgment; 2) the trial *888 court was clearly wrong in signing the June 9, 1986, judgment which granted attorney's fees and an expert witness's fee when the Perrodins' petition prayed for neither of these awards and the trial court did not grant them at the confirmation hearing; and 3) the Perrodins were not entitled to recover the $6,500 contract price. We amend and affirm.

FACTS
The Perrodins sued Southern Siding alleging they contracted with Southern Siding to install aluminum siding and windows for $6,500 and that they made a $200 down payment on the contract price. The Perrodins alleged that Southern Siding performed only a small portion of the work. The Perrodins made amicable demand upon Southern Siding to complete the contract on several occasions to no avail. They further alleged that Southern Siding's failure to complete the contract caused rain damage to the interior of their house. The Perrodins' petition prayed for $8,000 as damages for breach of contract, together with legal interest, and for all costs of suit.

JUDGMENT AFTER APPEAL PERFECTED
After Southern Siding perfected its appeal, the Perrodins submitted an ex parte motion and order for an amended judgment without first notifying Southern Siding. The trial court granted the amended judgment which "cancelled and erased from the record" the judgment of June 9, 1986, and superceded it with a new money judgment which excluded attorney's fees and decreased the expert witness fee to $300.
In this appeal Southern Siding urges us on one hand to uphold that part of the amending judgment which completely cancelled and erased the June 9, 1986, judgment, but on the other hand contends that the trial court lacked authority to delete the attorney's fees and decrease the expert witness fee.
We first address Southern Siding's argument that the amending judgment constituted a cancellation of the original judgment.
The rendition of a judgment in favor of the person obtaining it results in the creation of a judicial mortgage. LSA-C.C. Arts. 3287, 3321. The methods for the extinguishment of a mortgage are delineated in LSA-C.C. Art. 3411, and included therein is the following: renunciation of the mortgage. Though we are unable to find any jurisprudence directly on point with Southern Siding's argument, we are guided by the language contained in Arender v. Gilbert, 343 So.2d 1146 (La.App. 3rd Cir.1977), a case which dealt with a parallel issue, the principle of the remission of debt. There we stated:
"In our civilian system, however, although a disputed claim may be compromised by way of settlement, and undisputed claim may also be discharged in whole or in part by voluntary remission. No consideration is required and the absence of a dispute is wholly unimportant. All that is required under the remission articles is a finding that the creditor intended to remit his claim or that he estopped himself to claim the contrary." (Emphasis added.)
Id. at 1152.
Using Arender`s holding as our guide, it is evident that the Perrodins did not confect the amended judgment for the purpose of cancelling the judgment of June 9, 1986. A fair reading of the amended judgment makes it clear that the cancellation of the original judgment was conditioned on the deletion of the attorney's fees and the reduction of the expert witness's fee, and that the cancellation language relied upon by Southern Siding was included to avoid contradictory judgments. Therefore, we conclude that the Perrodins did not intend to unconditionally cancel the original judgment without having the amended judgment to rely upon.
We now turn our attention to the question of whether the amendment of the original judgment was proper.
LSA-C.C.P. Art. 1951 provides:
"A final judgment may be amended by the trial court at any time, with or without *889 notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation."
This article has been interpreted to mean that a judgment may be amended by the trial court where the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978).
In the case sub judice the substantive rights of the parties were affected by the amendment. Attorney's fees, even if erroneously included, were removed and the expert witness fee was reduced by $50. Moreover, the amendment attempted to cancel and erase the original judgment after Southern Siding perfected its appeal and without there being before the court a timely motion for a new trial, for which the delays had long expired. Accordingly, we conclude the amendment of the original judgment clearly constituted a substantive change in contravention of C.C.P. Art. 1951.
In the absence of a timely application for a new trial, a trial court cannot alter the substance of its judgment after the time allowed for applying for a new trial has elapsed, and no court can alter the substance of the judgment if no one has perfected an appeal. Mitchell v. Louisiana Power & Light Co., 380 So.2d 743 (La.App. 4th Cir.1980).
It is clear that the trial court lacked jurisdiction to sign an amended judgment, because it was in contravention of C.C.P. Art. 1951 and the court did not have before it a timely motion for a new trial. Therefore, the amended judgment is null and void.

DEFAULT JUDGMENT
Southern Siding contends that the award of attorney's fees in the original judgment was improper because that item of damages was not provided in its contract with the Perrodins and was not prayed for in their petition. Southern Siding also contends that the $350 expert witness fee was improper.
A judgment of default shall not be different in kind or exceed in amount that demanded in the petition. LSA-C.C.P. Art. 1703.
After examining the record before us, it is clear that the Perrodins were not entitled to attorney's fees because they never requested such an award in their petition.
As to the witness fees, the Perrodins admit in brief that the $350 awarded in the original judgment exceeded by $50 that awarded at the confirmation hearing; in support of their position they contend that the court minutes reflect that the trial court awarded $300 as an expert witness fee. This is incorrect. The minutes simply state: "... and all Court Costs." The minutes make no mention of an expert witness fee in casting costs and there is no evidence in the record showing the amount set by the trial court. It is simply an unsupported award.
Accordingly, we set aside the awards in the original default judgment for attorney's fees and the expert witness fee.

DAMAGES FOR NON-COMPLIANCE WITH CONTRACT
Southern Siding contends that the trial court awarded the Perrodins damages greater than that allowed by law. We agree.
In Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972), Justice Summers enunciated the standard against which default judgments must be assessed:
"In order to obtain reversal of a default judgment appealed from, or to obtain a remand, defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and that it is correct. When the judgment recites, as it does here, that plaintiff has produced due proof in support of its demand and that the law and evidence favor plaintiff and are against the defendant, the presumption exists that the judgment *890 was rendered upon sufficient evidence and that it is correct. Baker Finance Co., v. Hines 255 La. 971, 233 So.2d 902 (1970); Massey v. Consumer's Ice Co. of Shreveport., 223 La. 731, 66 So.2d 789 (1953); Nugent v. Stark, 34 La.Ann. 628 (1882).
This presumption which exists, when there is no note of evidence of parole testimony, that the judgment is well-founded and that it was based on competent evidence, is a fair and reasonable one conducive to the efficient administration of justice and should be given much weight. It has long been roecognized in our law. Escurieux v. Chapdue, 4 Rob. 323 (La.1843); Hubbell v. Clannon, 13 La. 494 (1839)." (Emphasis added.)
Therefore it is essential that a default judgment must be supported by the law and evidence; if any portion of a default judgment is not supported by the law and evidence, that portion must be stricken.
In the case sub judice the Perrodins sought damages from Southern Siding for breach of contract. For the determination of damages due for the non-compliance with a contract, we turn to LSA-C.C. Art. 2769, which provides:
"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract." (Emphasis added.)
What damages are recoverable under Article 2769 generally turn on whether there has been substantial performance of the contract. If there has not been substantial performance the owner is entitled to recover the costs incurred for the completion of the work which exceeds the original contract price. Ducote v. Arnold, 416 So.2d 180 (La.App. 4th Cir.1982), writ denied, 421 So.2d 238 (La.1982).
In the present case, since the testimony presented at the confirmation of the default was not recorded and Southern Siding has not presented a written narrative in lieu of that testimony, we must look to the Perrodins' petition to determine whether there was substantial performance of the contract. In the confirmation of a default, plaintiff is bound by the allegations of his petition. Castellon v. Nations, 186 So.2d 708 (La.App. 4th Cir.1966). The only allegation in the Perrodins' petition pertaining to performance is that Southern Siding performed only a small portion of the work. Accordingly, we must conclude that Southern Siding had not substantially performed the contract. Therefore the Perrodins can only recover the costs incurred in completing the work which are in excess of the contract price. Ducote, supra at 182.
Southern Siding's contract price for the installation of aluminum siding and the replacement of all windows was $6,500. The estimate submitted at the confirmation hearing for the same items totaled $6,225. Thus, following the holding of Ducote, it is clear that the Perrodins did not prove any loss in excess of the contract originally entered into with Southern Siding, and they were not entitled to the $5,000 award for the completion of the contract alleged in their petition.
However, the Perrodins are entitled to recover, within the constraints of the allegations of their petition, rain damage occasioned by Southern Siding's breach of contract, any costs incurred for the removal of the defective, incomplete work, and the return of their down payment. Therefore, based on the foregoing analysis, we conclude that the Perrodins are entitled to: $800 for the removal of the defective siding; the $200 down payment; and $3,000 for the repairs occasioned by Southern Siding's breach of contract.[1]
For the foregoing reasons, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the amended judgment dated October 7, 1986, is hereby declared null and void and the judgment dated June 9, 1986, is reinstated. IT IS FURTHER ORDERED, *891 ADJUDGED AND DECREED that the judgment of June 9, 1986, is amended to set aside the special award to the Perrodins for attorney's fees and expert witness fees, and to decrease the damage award from $8,000 to $4,000. In all other respects the judgment of June 9, 1986, is affirmed. Costs of this appeal are assessed one-half to Southern Siding and one-half to the Perrodins.
AFFIRMED AS AMENDED, AND RENDERED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] The Abshire estimate contained in the record exceeds the $3,000 alleged in Perrodins' petition. Accordingly, we shall limit their recovery for repair to the maximum amount alleged in their petition. Castellon, supra at 710.