TAYLOR, J.
Defendant, Imran Hussain, raises several points in this appeal of his convictions and sentences for two counts of first degree murder, two counts of robbery, and arson. We affirm on all issues, except his claim that his two convictions for robbery violate his constitutional right to double jeopardy protection.
The defendant was convicted of the premeditated murder and robbery of Mo *308 hammed Abdul Kalam and Joynab Chow-dhury, owners of a Dollar Store in Bro-ward County, Florida. The defendant was a former employee of the store. He was terminated because the owners suspected him of stealing from the store and using drugs. He unsuccessfully sought to get his job back. On November 29, 2001, firefighters were dispatched to the store around 9:30 a.m. When they arrived, they discovered the bodies of Kalam and Chowdhury in the back of the store under debris. Both victims had been brutally beaten with a blunt object. A fire had been intentionally set by placing an open flame on flammable objects. The cash registers were found open, with only small change inside, and a check had been taken from Kalam’s checkbook.
Count III of the indictment charged the defendant with armed robbery of Kalam, by depriving Kalam of money and/or a company checkbook on November 29, 2001, and using a heavy blunt object. Count IV contained the same armed robbery allegations, but named Chowdhury as the victim. The defendant asserts that his convictions for both counts of armed robbery violate double jeopardy, because, even if the state presented sufficient evidence that the checkbook and/or money was taken from either victim on November 29, there was insufficient evidence to find that more than one single taking occurred; there was no evidence that there was a “successive and distinct” taking.
“ ‘The Double Jeopardy Clause in both the state and federal constitutions protects criminal defendants from multiple convictions and punishments for the same offense.’ ” McKinney v. State, 51 So.3d 645, 647 (Fla. 1st DCA 2011) (quoting Gordon v. State, 780 So.2d 17, 19 (Fla.2001)). See U.S. Const. Amend. V & XIV; art. I, § 9, Fla. Const.
In Brown v. State, 480 So.2d 446, 446 (Fla.1983), the defendant pointed a gun at one cashier and told her to put the register’s money in a bag, then ordered her to open the second register. The cashier did not have a key, so she called her fellow employee to open it; the second employee finally did so after the defendant pointed the gun at her. Id. The second employee put the money from the second register in the bag containing the money from the first register. Id. The defendant was convicted of two counts of robbery. Id. The Florida Supreme Court affirmed the two convictions, finding that even though the money belonged to a single owner, it was taken by force, violence, assault, or putting in fear of two employees, the taking was from two separate registers, and the two events were separate in time and required separate criminal intent. Id. at 447. Further, the court explained that “[a]ctual ownership of the money obtained is not dispositive of the question of whether multiple robberies have been committed. What is dispositive is whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction.” Id.
Here, the defendant was charged with taking “money and/or a company checkbook” from Kalam (Count III) and Chowdhury (Count IV).[1] The evidence did *309 not establish, however, that there was more than a single taking. It did not show that there were “successive and distinct forceful takings with a separate and independent intent for each transaction.” No witness was present at the scene to testify to what occurred in the store. Both victims were found in the same room. The registers and checkbook were in the same general location. The cash registers were open, and only small change was found inside, although testimony revealed that Kalam brought in between $150 and $160 per day. A check was also taken from the checkbook, and the defendant, later on the day of the murder, tried to cash a check with Kalam’s forged signature.
Even though there were two separate items taken (money and a check) and two victims, the evidence could support several different factual scenarios. Thus, we cannot say for certain whether the “taking” was one transaction or two. These items may not have been within both victims’ possession and control. Further, there may not have been two events that were separate in time and that required separate criminal intent. Simply put, the evidence does not sufficiently establish that more than one single taking occurred.
Accordingly, we reverse and remand for the trial court to vacate one of the judgments of conviction and sentence for robbery. We affirm as to all other issues raised in this appeal.

Affirmed in part, Reversed in part and Remanded.

WARNER and CONNER, JJ., concur.

. More specifically, the indictment charged the defendant with (III) armed robbery, by “unlawfully [taking] from the person or custody of [Kalam], certain property of value, to-wit: money and/or a company checkbook, with the intent to permanently or temporarily deprive [Kalam] of a right to the property or a benefit from it, by the use of force, violence, assault or putting the said [Kalam] in fear, and in the course thereof, there was carried a deadly weapon, to-wit: a heavy object or objects with features that were blunt and/or sharp-edged and/or cylindrical and were sufficient to cause laceration and deep bruising *309 and skull fracture, contrary to Sections 812.13(1) and (2)(a) and 775.087.” Count IV was identical, except Chowdhury was the named victim.