KNOLL, Judge.
J. Boring Montgomery, Jr., Executor of the Estate of J. Boring Montgomery, and Michael Montgomery (hereafter Montgomery), appeal an adverse judgment casting them for costs of a jury trial. The final judgment on the merits did not assess costs and provided that costs would be taxed upon motion. Ronald Foreman (hereafter Foreman) initiated a rule to cast Montgomery with costs. After a contradictory hearing the trial court cast Montgomery with all costs totaling $9,270.72. Montgomery appeals contending the court erred in: (1) casting all costs against Montgomery; (2) disallowing Montgomery the opportunity to refute the alleged costs; and (3) requiring Montgomery to post a separate appeal bond on the judgment regarding court costs when he had already posted an appeal bond for the appeal on the merits. We affirm.
The underlying facts of this case appear in our earlier decision, Foreman v. Montgomery, 496 So.2d 1280 (La.App. 3rd Cir.1986), writ denied, 499 So.2d 87 (La.1987), and will not be repeated herein.
LSA-C.C.P. Art. 1920 provides:

“Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.

Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.”

The trial court has broad discretion in determining and allocating court costs. American Deposit Ins. Co. v. Walker, 450 So.2d 33 (La.App. 3rd Cir.1984). A rule to tax costs may be filed after final judgment.
Montgomery contends that the trial court abused its discretion in casting him with all costs. He argues that this was improper since Foreman was not totally successful in the trial on the merits. We disagree. Although Foreman was not com *1036 pletely successful in his demand, only one portion of his remedy, among many, was denied. Under these circumstances we do not find the trial court abused its discretion. Clark v. Laird, 458 So.2d 689 (La.App. 3rd Cir.1984), writ denied, 462 So.2d 210 (La.1985).
In a related issue, Montgomery contends the court costs were extravagant and suggests that the trial court prohibited him from discovering, examining and cross-examining any of the witnesses or documents regarding costs. Our review of the record fails to show where these issues were raised or that the trial court made any rulings on these matters. Accordingly, there has been nothing preserved for review on appeal.
Lastly, Montgomery argues that it was improper for the trial court to require a second appeal bond for the suspensive appeal of the judgment casting it with court costs. Since Montgomery chose not to file a suspensive appeal bond and pursued this as a devolutive appeal, the question is now moot.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to J. Boring Montgomery, Jr., executor of the Succession of J. Boring Montgomery, Sr., and Michael Montgomery.
AFFIRMED.