591 So.2d 1343 (1991)
Jude WATSON
v.
Jesse NILE, Oscar Nile and XYZ Insurance Company.
No. 90-CA-2174.
Court of Appeal of Louisiana, Fourth Circuit.
December 30, 1991.
*1344 William J. Guste, Jr., Atty. Gen., Jesse James Marks, Asst. Atty. Gen., Dale C. Wilks, Asst. Atty. Gen., New Orleans, for appellee.
Glenn L. Morgan, New Orleans, for appellant.
Before BARRY, BYRNES and ARMSTRONG, JJ.
BYRNES, Judge.
Oscar Nile appeals a judgment dismissing his rule for costs and attorney's fees. We affirm.
This case arises from a dog bite injury which occurred on August 27, 1988, resulting in a lawsuit filed by Jude Watson against Jesse and Oscar Nile, the owners of the dog. Plaintiff, Mr. Watson, did not allege a specific dollar amount of damages in his petition pursuant to LSA-C.C.P. art. 893.
The defendant, Oscar Nile, then filed a third party petition for declaratory judgment and injunctive relief under LSA-C.C.P. art. 1880 against the State of Louisiana through the Attorney General. Oscar Nile also asked for costs and attorney's fees. He alleged that La. Legislative Act 443 of 1988 (including C.C.P. articles 893, 1032, and 1703) was unconstitutional in violation of the Louisiana Constitution, the federal civil rights acts, and the United States Constitution. After a hearing, the trial court declared that Act 443 of 1988 is unconstitutional and the court enjoined enforcement of that act in its judgment dated February 12, 1990. No appeal was taken from that judgment.
On September 7, 1990, approximately seven months after judgment was rendered, Oscar Nile filed a rule in trial court to tax costs and attorney's fees against the State of Louisiana. The trial court rendered judgment on December 30, 1990 in favor of the State, dismissing Oscar Nile's rule for costs and attorney's fees. Oscar Nile appeals that judgment.
On appeal Oscar Nile contends that the trial court erred in not awarding costs and attorney's fees for his successful declaratory and injunctive action concerning the unconstitutionality of Act 433. Oscar Nile contends that attorney's fees should be awarded under federal law because he based his claim not only under the Louisiana Constitution, but also under federal civil rights laws as well as the United States Constitution. Nile seeks relief under Title 42 U.S.C. § 1988, which provides in part that:
... In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or title VI of the Civil Rights Act of 1964, the court in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. [Emphasis added.]
This federal statute provides for an award of reasonable attorney's fees to the prevailing party in the discretion of the court. The plaintiff in civil rights case should ordinarily recover attorney's fees unless special circumstances would render such an award unjust. Kirchberg v. Feenstra, 708 F.2d 991 (5th Cir.La.1983). Even though a plaintiff fails to plead a federal civil rights violation under 42 U.S.C. § 1983, the trial court may award attorney's fees under 42 U.S.C. § 1988. Marx v. Truck Renting and Leasing Ass'n Inc., 520 So.2d 1333 (Miss.1987). However, in Marx, supra, the lower court based its decision on a federal constitutional issue, i.e., violation of due process. Federal law concerning attorney's fees was applicable rather than state law.
In the present case, the trial court based its decision on state law. The trial court's judgment declared Act 443 of 1988 *1345 to be "illegal, unenforceable, and contrary to several sections of the Constitution of the State of Louisiana." The judgment does not refer to the federal constitution or federal civil rights statutes.
Louisiana C.C.P. art. 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, or its own motion or on the motion of any party:
(1) To alter the phraseology of the judgment but not the substance; or
(2) To correct errors of calculation.
A judgment may be amended where the amendment takes nothing from or adds to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978). In the absence of a timely application for a new trial, a trial court cannot alter the substance of its judgment; no court can alter the substance of a judgment if no one perfects a timely appeal. Mitchell v. Louisiana Power & Light Co., 380 So.2d 743 (La.App. 4th Cir.1980). Amendment of a judgment with regard to attorney's fees or costs affects the substantive rights of the parties. Perrodin v. Southern Siding Co., Inc., 524 So.2d 885 (La.App. 3rd Cir.1988). Nile failed to move for a new trial within the time prescribed. The original judgment became final 60 days after its rendition without perfection of an appeal. Under state law, Nile is not entitled to costs and attorney's fees where a substantive amendment to the judgment of February 12, 1990 is prohibited.
Accordingly, the judgment dismissing Oscar Nile's rule to tax costs and attorney's fees is affirmed.
AFFIRMED.