657 So.2d 596 (1995)
Eddie B. OLIVER d/b/a Oliver's Restaurant and Lounge
v.
DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, OFFICE OF ALCOHOLIC BEVERAGE CONTROL.
No. 94 CA 1223.
Court of Appeal of Louisiana, First Circuit.
June 23, 1995.
Donna U. Grodner, Denham Springs, for plaintiff-appellee Eddie B. Oliver d/b/a Oliver's Restaurant & Lounge.
Ralph W. Stephenson, Jr., Baton Rouge, for defendant-appellant Dept. of Public Safety & Corrections, Office of Alcoholic Beverage Control.
Before GONZALES and PARRO, JJ., and REDMANN,[1] J. Pro Tem.
PARRO, Judge.
The Louisiana Department of Public Safety and Corrections, Office of Alcoholic Beverage Control ("ABC") appeals an ex parte order in which a final judgment was amended with respect to the assessment of costs against ABC. This court reverses and sets aside the ex parte order for the following reasons.

Facts and Procedural History
Eddie B. Oliver ("Oliver"), doing business as Oliver's Restaurant and Lounge, submitted an application for a retail alcoholic beverage permit to ABC. Oliver received notice from ABC that his application for a permit had been denied for various stated reasons. From ABC's permit denial, Oliver timely filed an appeal to the district court.
After due hearing on the appeal, the district court signed an order on August 31, 1993, reversing ABC's permit denial. The original order ("judgment") submitted to the *597 court by Oliver's attorney included an attachment with an itemized accounting of Oliver's costs totalling $896.89, but a handwritten statement on the judgment simply provided that "[c]osts are assessed against defendant."[2] Upon Oliver's demand for payment, ABC declined to pay because these costs were not expressed in the original judgment in a dollar amount as required by LSA-R.S. 13:5112(A).
In response to ABC's refusal to pay these costs, on February 17, 1994, Oliver filed an "Exparte Motion to Amend Final Judgment" in which Oliver sought to have the district court alter the phraseology of the original judgment to clearly make reference to the attached itemization of costs. On this same date, the court signed an ex parte order which amended the original judgment to read as follows: "Costs are assessed against defendant as attached hereto and adopted by reference herein."
On appeal, ABC urges that the district court erred in amending the substance of the original judgment contrary to LSA-C.C.P. art. 1951 and cites Watson v. Nile, 591 So.2d 1343 (La.App. 4th Cir.1991), for the proposition that assessment of costs affects the substantive rights of a party.

Standard of Review
A court of appeal may not overturn a judgment of a lower court absent an error of law or a factual finding which is manifestly erroneous or clearly wrong. See Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882, n. 2 (La.1993). Appellate review of questions of law is simply review of whether the lower court was legally correct or legally incorrect. See O'Niell v. Louisiana Power & Light Company, 558 So.2d 1235, 1238 (La.App. 1st Cir.1990).

Analysis
Regarding the parties' rights with regard to a judgment, a final judgment may be amended at any time to correct an error of calculation or to alter the phraseology. LSA-C.C.P. art. 1951. However, in order to change the substance of a judgment, a party must either seek a new trial or request an appeal. LSA-C.C.P. arts. 1951, 1971 et seq., and 2081 et seq.
Neither party requested an appeal or sought a new trial as a result of the August 31, 1993 judgment. Rather, upon being notified of the judgment's non-compliance with LSA-R.S. 13:5112(A) and after the delays for a new trial and an appeal had run, Oliver filed an ex parte motion to amend the original final judgment. The district court signed the related order that same day, without the benefit of a hearing or prior notice to ABC. Presented for our determination is the issue of whether the amendment sought by Oliver is of the nature authorized by LSA-C.C.P. art. 1951.
Regarding the assessment of court costs against ABC, LSA-R.S. 13:5112(A) provides:
In any suit against the state or any department, board, commission, agency, or political subdivision thereof, the trial or appellate court, after taking into account any equitable considerations as it would under Article 1920 or Article 2164 of the Code of Civil Procedure, as applicable, may grant in favor of the successful party and against the state, department, board, commission, agency, or political subdivision against which judgment is rendered, an award of such successful party's court costs under R.S. 13:4533 and other applicable law as the court deems proper but, if awarded, shall express such costs in a dollar amount in a judgment of the trial court or decree of the appellate court. (Emphasis added)
LSA-R.S. 13:5112(A) mandates that, in a judgment rendered against any department of this state, such as ABC, an award of a successful party's court costs "shall" be expressed in a dollar amount.
In the original judgment prepared by Oliver's attorney, the following language was deleted by the district court: "Considering the stipulation entered, costs assessed to defendant. (See accounting of costs to date.)" Although the court deliberately scratched through the reference to the attached accounting, it (apparently through oversight) allowed the attachment to remain. In place of Oliver's attorney's suggested language, the *598 court inserted by hand the following sentence: "Costs are assessed against defendant." The deletion and insertion make it clear that the court intended to merely assess court costs against ABC without determining at that time the exact dollar amount of such costs.
According to LSA-R.S. 13:5112(A), the award of Oliver's court costs had to be expressed in a dollar amount in the judgment to be enforceable against the state. Upon the district court's failure to specifically set forth a dollar amount and the parties' failure to pursue the remedies afforded by LSA-C.C.P. arts. 1971 et seq. and 2081 et seq., the procedure established by the Louisiana Code of Civil Procedure required that Oliver file a contradictory rule to tax costs.[3] LSA-C.C.P. art. 1920. During such a proceeding to set and tax costs, ABC would have been afforded the opportunity to contest certain items of costs claimed by Oliver that may not have qualified as appropriate costs under LSA-R.S. 13:4533 and other applicable law. At the conclusion of such proceedings, the district court would have determined which costs were taxable as costs under the law and would have fixed the amount of court costs in satisfaction of LSA:R.S. 13:5112(A).[4]
It is clear that the ex parte order did more than alter the phraseology of the original judgment. The modification of the judgment to incorporate by reference the itemized accounting (clearly expressed in dollar amounts), which reference was deliberately excised from the original judgment, was a "substantive" change to the original judgment in contravention of LSA-C.C.P. art. 1951.[5]See Watson v. Nile, 591 So.2d at 1345; Perrodin v. Southern Siding Company, Inc., 524 So.2d 885, 888 (La.App. 3rd Cir.1988). Moreover, the request for modification of the judgment cannot be deemed to be equivalent to a rule to tax costs, because ABC's right to a contradictory hearing was denied by the ex parte amendment of the judgment. Based on the procedural remedy afforded to Oliver by LSA-C.C.P. art. 1920 and under the circumstances of this case, this court finds that the district court was legally incorrect in amending the original judgment pursuant to Oliver's ex parte motion to amend.

Decree
For the foregoing reasons, the judgment appealed is reversed, and we set aside the ex parte order amending the original judgment. Total costs of this appeal, in the amount of $419.00, are assessed against the parties equally.
REVERSED AND SET ASIDE.
NOTES
[1] Judge William V. Redmann, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The original judgment is now final.
[3] Although the original judgment which awarded court costs against ABC is now final, the finality of that judgment should not preclude Oliver from filing a rule to determine the amount of those costs.
[4] Even if an appeal had been taken as to other issues, the district court would have retained jurisdiction to set and tax costs under LSA-C.C.P. art. 2088(10).
[5] We further observe that Oliver's use of an ex parte order provided for in LSA-C.C.P. art. 963 was inappropriate in this case since Oliver was not clearly entitled to an ex parte order without supporting proof under the facts of this case. Oliver clearly had the burden of proving the costs to which he was entitled. Although Oliver submitted an itemized accounting with his proposed judgment (which became part of the suit record), the record is devoid of any admissible evidence regarding this issue.