665 So.2d 715 (1995)
In the Matter of the SUCCESSION OF Sara Lee JAMES.
Albert JAMES, Sr., Administrator for the Succession of Sara Lee James, Plaintiff-Appellant,
v.
Sir Clyde LAIN, II, et al., Defendants-Appellees.
Nos. 27639-CA, 27640-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1995.
Rehearing Denied January 18, 1996.
*716 Patrick H. Wright, Jr., Monroe, for Appellant.
Raymond Lee Cannon, Tallulah, for Appellee/Sir Clyde Lain, II.
F. William Sartor, Jr., Monroe, for Appellee/Home Insurance Co.
Before SEXTON and BROWN, JJ., and CLARK, J. Pro Tem.
BROWN, Judge.
In this consolidated succession/legal malpractice action, Albert James, Sr., Administrator of the Succession of Sara Lee James, appeals from a judgment on a Rule to Tax Costs rendered on September 21, 1994. According to appellant, the judgment on the Rule to Tax Costs was an improper, substantive amendment of a final judgment previously signed by the trial court on April 8, 1993. Because we find merit to appellant's contention, we set aside the second judgment and reinstate the previous judgment.

FACTS
The Succession of Sara Lee James was judicially opened on March 3, 1987. Sir Clyde Lain, II, was the attorney representing the succession. On October 18, 1989, Lain was replaced by attorney Patrick Wright, Jr., and on December 21, 1989, a Rule for Accounting and Return of Succession Funds was filed.
A legal malpractice action against Lain was filed by Albert James, Sr., Administrator of the Succession of Sara Lee James, on June 29, 1990. It was alleged that Lain withheld funds, failed to account, retained another attorney to represent the succession without consent, overcharged for that attorney's services and settled a succession claim for an inadequate amount. Damages for mental anguish were also sought.
The succession and malpractice actions were consolidated on February 7, 1991, and the matter was set for trial. Defendants, Lain and his malpractice insurer, the Home Insurance Company, filed exceptions of no cause/right of action, alleging that a succession could not suffer mental anguish. The trial court agreed and dismissed the claim for mental anguish.
The consolidated matter was tried before a jury, which rendered a verdict in the succession's favor on December 11, 1992. Judgment against defendants in the amount of $13,500 was signed and filed on April 8, 1993. Attorney Lain was also ordered to return to *717 the succession $10,000 plus legal interest.[1] Defendants were taxed with $1,925 in expert witness fees and all costs "with the exception of any costs attributable to the Succession of Sara Lee James' claim for mental anguish which can be broken out by the Clerk of Court; these costs will be paid by the Succession."
Defendants filed a motion for J.N.O.V., which was denied on August 20, 1993. Thereafter, the parties vehemently disagreed over the portion of the judgment relating to the payment of costs and on March 24, 1993, defendants filed a motion for Rule to Tax Costs. A hearing was held on September 21, 1994, and the trial court rendered judgment reapportioning costs on September 21, 1994. The following is excerpted from the judgment, which was signed and filed on November 21, 1994:
It is hereby ordered, adjudged, and decreed that the previous judgment rendered herein on December 11, 1992, and signed by this Honorable Court on April 8, 1993, is vacated insofar as that Judgment relates to the assessment of court costs in these proceedings and is amended as follows;
It is further ordered, adjudged, and decreed that the court costs incurred in the consolidated matter captioned "Albert James, Sr., Administrator of the Succession of Sara Lee James vs. Sir Clyde Lain, II, et al," Docket No. 90-2645, be and the same are assessed fifty percent (50%) to plaintiff and fifty percent (50%) to defendants from the date of filing of the petition, June 28, 1990, through December 11, 1992. All other costs incurred after December 11, 1992, are to be assessed against defendants insofar as this ruling does not conflict with the assessment of court costs in the Judgment filed herein on August 20, 1993.
It is further ordered, adjudged, and agreed [sic] that all court costs incurred in the consolidated matter captioned "Succession of Sara Lee James," Docket No. 87-1072, are to be assessed fifty percent (50%) to plaintiff and fifty percent (50%) to defendants for all costs incurred subsequent to and including May 31, 1991, through December 11, 1992. All other costs incurred prior to May 31, 1991, are to be assessed to plaintiff. All other costs incurred after December 11, 1992, are to be assessed against defendants insofar as this ruling does not conflict with the assessment of court costs in the Judgment filed herein on August 20, 1993.
Administrator James appealed on the succession's behalf, urging that the trial court's reapportionment of costs was an improper substantive amendment of its previous judgment. The Home Insurance Company filed a brief in support of the November 21, 1994, judgment. Lain neither answered the appeal nor filed a brief.

DISCUSSION
LSA-C.C.P. Art. 1920 provides:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
The trial court has broad discretion in determining and allocating court costs. Foreman v. Montgomery, 517 So.2d 1034 (La.App. 3d Cir.1987).
Following a jury trial, which resulted in a verdict in favor of the succession and against defendants, the trial court rendered judgment on December 11, 1992. This first judgment, which was signed on April 8, 1993, allocated all costs to defendants, except for costs associated with the succession's claim for mental anguish that could be broken out by the clerk of court. Those separable costs were to be borne by plaintiff.
The court costs in this consolidated matter are substantial, as reflected by itemized computer printouts from the clerk's office which were introduced into evidence. After the *718 judgment was signed and filed into the record on April 8, 1993, the clerk of court was unable to separate the costs associated with the succession's claim for mental anguish from the remainder of the costs. Thereafter, the parties vehemently disagreed over the payment of court costs and defendants filed a rule to tax costs. Plaintiff opposed the rule, urging that the judgment of April 8, 1993, was a final judgment and thus not subject to amendment.
LSA-C.C.P. Art. 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
A judgment may be amended where the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978); Watson v. Nile, 591 So.2d 1343 (La.App. 4th Cir. 1991). However, in the absence of a timely application for new trial, action for nullity, or timely appeal, a trial court can not alter the substance of a judgment. Creel v. Bogalusa Community Medical Center, 580 So.2d 551 (La.App. 1st Cir.1991), writ denied, 585 So.2d 567 (La.1991).
Amendment of a judgment with regard to attorney's fees or costs affects the substantive rights of the parties. Watson, supra; Perrodin v. Southern Siding, Co., Inc., 524 So.2d 885 (La.App. 3d Cir.1988).
In the instant case, the April 8, 1993, judgment apportioned all costs to defendants, except for costs associated with the claim for mental anguish which was dismissed; those costs, should the clerk of court be able to separate them from the other costs, were to be paid by plaintiff. As noted above, the clerk of court could not sever the costs related to the mental anguish claim. Thus, by the clear import of the April 8, 1993, judgment, defendants were to pay the entirety of the costs of these proceedings. Defendants neither timely applied for a new trial nor timely appealed from the first judgment. Furthermore, no action for nullity was filed. The trial court erred in vacating and amending its previous judgment.

CONCLUSION
For the reasons set forth above, the November 21, 1994, judgment is vacated and set aside and the April 8, 1993, judgment is reinstated. All costs associated with this appeal are assessed to defendant, the Home Insurance Company.

APPLICATION FOR REHEARING
Before SEXTON, BROWN, STEWART and GASKINS, JJ., and CLARK, J. Pro Tem.
Rehearing denied.
NOTES
[1] Attorney Lain retained $10,000 of the succession's money as an attorney's fee, which he placed in his trust account.