STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-491


LYNETTE M. MARTIN

VERSUS

ERMC, II, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2007-5053
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

**********

**OSWALD A. DECUIR**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Shannon J. Gremillion, Judges.

**Gremillion, J., dissents and assigns written reasons.**

                                                          **AFFIRMED.**


**Laurence E. Best**
**Mark E. Best**
**Best Koeppel, A.P.L.C.**
**2030 St. Charles Avenue**
**New Orleans, LA 70130**
**(504) 598-1000**
**Counsel for Defendants/Appellants:**
       **American Home Assurance Company**
       **ERMC, II, L.P.**

**Miles A. Matt**
**Law Offices of Matt & Allen, L.L.C.**
**P. O. Box 4405**
**Lafayette, LA 70502-4405**
**(337) 237-1000**
**Counsel for Plaintiff/Appellee:**
      **Lynette M. Martin**

**Bruce David Beach**
**Ungarino & Eckert, LLC**
**200 W. Congress Street, Suite 650**
**Lafayette, LA 70501**
**(337) 235-5656**
**Counsel for Defendants/Appellants:**
      **American Home Assurance Company**
      **John R. Landry**
      **CBL & Associates Management, Inc.**
      **ERMC, II**

**Robin Lynn Jones**
**Ungarino & Eckert**
**315 S. College Road, Suite 239**
**Lafayette, LA 70503**
**(337) 235-5585**
**Counsel for Defendants/Appellants:**
      **CBL & Associates Management, Inc.**
      **ERMC, II**
      **American Home Assurance Company**
      **John R. Landry**

**DECUIR, Judge.**

On September 19, 2006, Lynette Martin was struck by a golf cart as she exited the Mall of Acadiana in Lafayette, Louisiana. The golf cart was being operated by John R. Landry in the course and scope of his employment with ERMC, II, L.P., the facility services contractor for the Mall of Acadiana. Martin immediately reported the injuries which included a bruised right arm, soreness on the right side, and a pinched feeling in the neck and low back.

Dr. Robert Franklin diagnosed cervical and lumbar strain, possible underlying spinal pathology, associated headaches, possible median neuropathy at the right wrist, a contusion to the right forearm, and spasms in the upper back. Dr. Franklin prescribed physical therapy and various medications for inflammation, spasms, and pain. Martin has complained of persistent pain, and evidence was introduced suggesting a greatly reduced level of activity as a result of the accident. Dr. Franklin referred Martin to Dr. Michel E. Heard, an orthopedic surgeon.

Dr. Heard ordered steroid injections which offered no lasting relief. Dr. Heard concluded after twenty-three months of treatment that Martin can expect pain on a permanent basis and a potential for surgery in the future.

After a jury trial, the jury found Landry 75% at fault in causing the accident and awarded damages as follows:

| | |
|---|---|
| Pain and Suffering | $50,000.00 |
| Physical Injury | $13,000.00 |
| Past Medical | $17,134.00 |
| Future Medical | $50,000.00 |
| Loss of Enjoyment | $40,000.00 |

| | |
|---|---|
| Past Lost Wages | $30,000.00 |
| Future Lost Wages | $0 |

The trial court signed the judgment but later on oral motion by the plaintiff amended it to reflect $30,000.00 in past and future lost wages combined. Defendants lodged this appeal.

## EXCESSIVE GENERAL DAMAGES

Appellants contend that the jury's award of general damages in the amount of $103,000.00 is excessive. We disagree.

The Supreme Court has defined the role of the appellate court when faced with a challenge to a general damage award on appeal:

> [T]he role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration.
>
> . . . . The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of fact... . Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion.

*Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1260 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994) (citations omitted). In determining whether an abuse of discretion has been shown, the relevant evidence must be "viewed in the light which most favorable to the prevailing party." *Id.* at 1261.

Applying these standards, we must consider whether the jury's award of $103,000.00 for general damages constitutes an abuse of discretion. In this case the plaintiff's complaints are largely subjective, which means the jury was required to

2

assess the credibility of the witnesses very carefully to determine the extent of the plaintiff's injuries. While we acknowledge that the award is on the high end of such awards, given the particular circumstances of this case, we decline to overturn the considered award of the jury as an abuse of discretion.

## LOST WAGES

Appellants' final two assignments allege the jury's award of lost wages and the trial court's amendment to the judgment with regard to lost wages are erroneous.

After reviewing the record, we find that the jury erred in finding that Martin was entitled to $30,000.00 in past lost wages and $0 in future lost wages. When an appellate court finds that the trial court has committed manifest error of fact, the court must ascertain the facts *de novo* from the record and render a judgment on the merits. *Siverd v. Permanent General Ins. Co.*, 05-973 (La. 2/22/06), 922 So.2d 497, *writ denied*, 05-0967 (La. 4/24/06), 926 So.2d 532.

In this case, reviewing the record *de novo*, we find that the evidence clearly establishes past lost wages in the amount of $8,240.00 for the one year and eight months prior to trial. The jury's finding that past lost wages were $30,000.00 is not supported by the record. Furthermore, we find that the jury could have found that Martin was entitled to as much as $98,000.00 in future lost wages. The jury erred in finding that future lost wages were $0. After reviewing the record, and particularly the speculative nature of the plaintiff's future work plans, we find that a $30,000.00 award for past and future lost wages combined is appropriate. This is quantitatively the same result reached by the jury and expressed in the amended judgment of the trial court. Accordingly, we affirm the judgment of the trial court on the grounds stated above.

3

We need not discuss the appellant's remaining assignment regarding the propriety of the trial court's amendment under Louisiana Code of Civil Procedure Article 1951, as our discussion above renders it moot. However, we note that the trial court's actions were in conformity with the clear intent of the jury and the findings of this court.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellants.

**AFFIRMED.**

09-491

LYNETTE M. MARTIN

VERSUS

ERMC, II, ET AL

**GREMILLION, Judge, dissents in part.**

The defendants herein assigned three errors. The first was that the jury abused its discretion in awarding general damages in the amount of $103,000. I agree with the majority that, while at the "high end," this was not an abuse of the jury's discretion.

The second of the defendant's assignments of error is that the evidence did not support a past lost wages award of $30,000. This is where I must dissent.

The majority finds as follows, "[W]e find that the evidence clearly establishes past loss wages in the amount of $8,240.00 for the one year and eight months prior to trial. The jury's finding that past lost wages were $30,000.00 is not supported by the record." I agree. Thus, the jury's $30,000.00 award for past loss wages should be reduced to $8,240.00.

The majority continues, "Furthermore, we find that the jury could have found that Martin was entitled to as much as $98,000.00 in future lost wages. The jury erred in finding that future lost wages were $0."

The majority offers this despite the fact the amount of future lost wages was not presented to the court, as an assignment of error. The Court of Appeal will normally only review issues assigned as errors on appeal. *Guilbeaux v. Times of Acadiana, Inc.*, 94-1270 (La.App. 3 Cir. 8/9/95), 661 So.2d 1027, *writ denied*, 95-2942 (La. 3/29/96), 670 So.2d 1238. Of course that restriction can be lifted when the

1

"interest of justice" clearly requires otherwise. *Id.* and Uniform Rules – Courts of Appeal, Rule 3-1. Here, however, the majority simply assigns its own error and renders its finding.

The third error assigned by the defendants suggests that the trial court erred in converting the jury's past lost wages award into a single combined award for both past and future lost wages. The trial court does have a mechanism for amending judgments. That mechanism is provided by La.Code Civ.P. art. 1951. However, the trial court can only do so to change "phraseology" and to fix "errors in calculation." *Id*. The record is utterly devoid of any evidence that the trial court's action was to do one of those two things. Thus, the limitations placed on the trial court by La.Code Civ.P. art. 1951 would be paramount in the majority's reasoning. However, the majority expressly ignores this dispositive code article by simply indicating that it is "moot." Again, there is no discussion whatsoever of why it is moot. Rather, there is simply the conclusion that the trial court need not concern itself with the limitations of the code when its actions "are in conformity with the clear intent of the jury." I disagree.

As a matter of procedure, the trial court lacked authority to amend the judgment. In fact, the trial court cannot alter the substance of a judgment in the absence of a timely application for a new trial or an action for annulity. *Succession of James v. Lain*, 27,639, 27,640 (La.App. 2 Cir. 12/6/95), 665 So.2d 715. Here, Martin filed no such application; indeed, she sought no modification of the judgment.

Secondly, as a matter of substance, nothing in the law allows the trial court to combine past and future lost wages into one single award. The reason that the trial court may not do so is simple: as this court has previously ruled, "[p]ast and future lost wages are separate and distinct damage awards." *Fontenot v. Southwestern*

2

*Offshore Corp.*, 00-1727 p. 6 (La.App. 3 Cir. 6/6/01), 787 So.2d 588, 592, *writ denied*, 01-1913 (La. 10/12/01), 799 So.2d 504. These areas of damage carry with them two completely different standards of proof. Specifically, in order to recover for past lost wages, the plaintiff must prove her past lost earnings and the length of time absent from work which is attributable to the injury caused by the defendant. *Id*. *See also Mathews v. Dousay*, 96-858 (La.App. 3 Cir. 1/15/97), 689 So.2d 503. By contrast, to recover for future loss of earnings, the plaintiff must show medical evidence that indicates with reasonable certainty that a residual disability causally related to the accident in question exists, which results in the plaintiff's inability to earn wages to the same extent she could have earned had she not been injured. *Id*. An even more striking difference between past and future lost wages is the fact that past lost wages are susceptible of mathematical calculation from the evidence presented at trial, while future lost wages are not. *Id*.

When one looks at the distinction between past and future lost wages, it becomes clear that it is no more logical or appropriate to merge those two elements together than it would be to merge any two other elements of damages normally found on a verdict form.

Given the clarity of the completed verdict form that forms the basis for the original judgment, the fact that the law provides that past and future lost wages are completely separate and distinct, and that the trial court lacked the procedural authority to amend the original judgment, I would find that the appellants' third assignment of error regarding the improper "converting" of the original judgment to be well-founded.

The evidence clearly establishes that the proper amount of past lost wages is $8,240.00, as the majority notes. The jury's award of $30,000.00 is not supported by

3

the record. Whether or not the jury's line item entry of $0 for future lost wages is supported by the record is immaterial, because no party assigned that as error.

As the trial court pointed out, the total damage award was broken down by the verdict form into seven categories. I would affirm the jury's verdict in six of those seven categories. With regard to past lost wages, I would reduce the award from $30,000.00 to $8,240.00 as every member of this panel agrees is the highest amount supported by the record.