GREMILLION, Judge,
dissents in part.
I,The defendants herein assigned three errors. The first was that the jury abused its discretion in awarding general damages in the amount of $103,000. I agree with the majority that, while at the “high end,” this was not an abuse of the jury’s discretion.
The second of the defendant’s assignments of error is that the evidence did not support a past lost wages award of $30,000. This is where I must dissent.
The majority finds as follows, “[W]e find that the evidence clearly establishes past loss wages in the amount of $8,240.00 for the one year and eight months prior to trial. The jury’s finding that past lost wages were $30,000.00 is not supported by the record.” I agree. Thus, the jury’s $30,000.00 award for past loss wages should be reduced to $8,240.00.
The majority continues, “Furthermore, we find that the jury could have found that Martin was entitled to as much as $98,000.00 in future lost wages. The jury erred in finding that future lost wages were $0.”
The majority offers this despite the fact the amount of future lost wages was not presented to the court, as an assignment of error. The Court of Appeal will normally only review issues assigned as errors on appeal. Guilbeaux v. Times of Acadiana, Inc., 94-1270 (La.App. 3 Cir. 8/9/95), 661 So.2d 1027, writ denied, 95-2942 (La.3/29/96), 670 So.2d 1238. Of course that restriction can be lifted when the | ¡/‘interest of justice” clearly requires otherwise. Id. and Uniform Rules — Courts of Appeal, Rule 3-1. Here, however, the majority simply assigns its own error and renders its finding.
The third error assigned by the defendants suggests that the trial court erred in converting the jury’s past lost wages award into a single combined award for both past and future lost wages. The trial court does have a mechanism for amending judgments. That mechanism is provided by La.Code Civ.P. art. 1951. However, the trial court can only do so to change “phraseology” and to fix “errors in calculation.” Id. The record is utterly devoid of any evidence that the trial court’s action was to do one of those two things. Thus, the limitations placed on the trial court by *1012 La.Code Civ.P. art. 1951 would be paramount in the majority’s reasoning. However, the majority expressly ignores this dispositive code article by simply indicating that it is “moot.” Again, there is no discussion whatsoever of why it is moot. Rather, there is simply the conclusion that the trial court need not concern itself with the limitations of the code when its actions “are in conformity with the clear intent of the jury.” I disagree.
As a matter of procedure, the trial court lacked authority to amend the judgment. In fact, the trial court cannot alter the substance of a judgment in the absence of a timely application for a new trial or an action for annulity. Succession of James v. Lain, 27,639, 27,640 (La.App. 2 Cir. 12/6/95), 665 So.2d 715. Here, Martin filed no such application; indeed, she sought no modification of the judgment.
Secondly, as a matter of substance, nothing in the law allows the trial court to combine past and future lost wages into one single award. The reason that the trial court may not do so is simple: as this court has previously ruled, “[pjast and future lost wages are separate and distinct damage awards.” Fontenot v. Southwestern Offshore Corp., 00-1727 p. 6 (La.App. 3 Cir. 6/6/01), 787 So.2d 588, 592, writ denied, 01-1913 (La.10/12/01), 799 So.2d 504. These areas of damage carry with them two completely different standards of proof. Specifically, in order to recover for past lost wages, the plaintiff must prove her past lost earnings and the length of time absent from work which is attributable to the injury caused by the defendant. Id. See also Mathews v. Dousay, 96-858 (La.App. 3 Cir. 1/15/97), 689 So.2d 503. By contrast, to recover for future loss of earnings, the plaintiff must show medical evidence that indicates with reasonable certainty that a residual disability causally related to the accident in question exists, which results in the plaintiffs inability to earn wages to the same extent she could have earned had she not been injured. Id. An even more striking difference between past and future lost wages is the fact that past lost wages are susceptible of mathematical calculation from the evidence presented at trial, while future lost wages are not. Id.
When one looks at the distinction between past and future lost wages, it becomes clear that it is no more logical or appropriate to merge those two elements together than it would be to merge any two other elements of damages normally found on a verdict form.
Given the clarity of the completed verdict form that forms the basis for the original judgment, the fact that the law provides that past and future lost wages are completely separate and distinct, and that the trial court lacked the procedural authority to amend the original judgment, I would find that the appellants’ third assignment of error regarding the improper “converting” of the original judgment to be well-founded.
The evidence clearly establishes that the proper amount of past lost wages is $8,240.00, as the majority notes. The jury’s award of $30,000.00 is not supported by 14the record. Whether or not the jury’s line item entry of $0 for future lost wages is supported by the record is immaterial, because no party assigned that as error.
As the trial court pointed out, the total damage award was broken down by the verdict form into seven categories. I would affirm the jury’s verdict in six of those seven categories. With regard to past lost wages, I would reduce the award from $30,000.00 to $8,240.00 as every member of this panel agrees is the highest amount supported by the record.